IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FELISA RIVERO CRESPO**<br>*Plaintiff*,<br><br>v.<br><br>**PUERTO RICO DEPARTMENT OF EDUCATION; COMMONWEALTH OF PUERTO RICO.**<br>Defendants. | CIVIL ACTION<br><br>Case No.: 25-01305<br><br><br><br>ADEA (Age), Title VII (National Origin), ADA (Medical Condition), Retaliation, Punative Damages.<br><br>DEMAND FOR JURY TRIAL |

# COMPLAINT

## INTRODUCTION

Plaintiff Felisa Rivero Crespo ("Rivero"), a 64-year-old naturalized U.S. Citizen originally from Spain. She is employed as a Spanish-language teacher and has a history of major medical conditions (State 3-B Colon Cancer), brings this civil action pursuant to the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Americans with Disabilities Act ("ADA") to remedy acts of employment discrimination perpetrated against her by the Puerto Rico Department of Education and the Commonwealth of Puerto Rico ("Defendants"). Plaintiff alleges that Defendants engaged in unlawful discrimination based on her age, national origin, and disability/medical history, and further retaliated against her for engaging in protected activity. Plaintiff was unjustly removed from her position, subjected to a hostile work environment, placed under indefinite precautionary measures ("*medida cautelar*")

in October 2023, and, ultimately, summarily suspended on February 10, 2025 with a pretextual excuse intended to conceal a discriminatory animus.

Plaintiff respectfully asks the Court to declare Defendants in violation of federal antidiscrimination laws, including applicable Puerto Rico laws, and award her reinstatement, compensatory and punitive damages, back pay, front pay, and reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 (federal question jurisdiction), Title VII (42 U.S.C. §2000e et seq.), the ADEA (29 U.S.C. §621 et seq.), and the ADA (42 U.S.C. §12101 et seq.). This Court has supplemental jurisdiction over Plaintiff's Puerto Rico law claims pursuant to 28 U.S.C. §1367(a).

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred within this judicial district.

Prior to filing this action, Plaintiff filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on age, national origin, disability/medical condition, and retaliation. The EEOC subsequently issued Plaintiff a Notice of Right to Sue. Plaintiff brings this action within ninety (90) days of receipt of the Notice, having exhausted all administrative remedies.

## PARTIES

1. Plaintiff Felisa Rivero Crespo is a resident of Puerto Rico, a naturalized U.S. citizen born in Spain, and at all times relevant, employed by the Puerto Rico Department of Education.
2. Defendant Puerto Rico Department of Education ("PRDE") is an agency of the Commonwealth of Puerto Rico, responsible for public education and employment practices. Mr. Eliezer Ramos-Parés is the current Secretary of the Puerto Rico Department

of Education. The headquarters for Puerto Rico Department of Education is located at: Tres Monjitas Industrial Park, Lt. César González St. San Juan PR 00918.

3. Defendant Commonwealth of Puerto Rico is the sovereign entity ultimately responsible for the actions of the Department of Education and subject to suit under Title VII and the ADA.

4. Defendants include employees, agents, and/or supervisory personnel who were, at all times material to this complaint, acting in the course and scope of their employment. Defendants participated in and/or directed the unlawful violations alleged herein or knew of violations and failed to prevent. All individual Defendants are jointly liable for damages alleged herein.

## FACTUAL ALLEGATIONS

5. Plaintiff Felisa Rivero Crespo ("Rivero"), a 64-year-old naturalized U.S. Citizen originally from Spain. She is employed as a Spanish-language teacher and has a history of a major medical condition (State 3-B Colon Cancer) has received treatment for this condition, and is currently in remission.

6. Plaintiff had an extensive teaching career with PRDE and was assigned to the Onofre Carballeira Umpierre School in Cataño, Puerto Rico, until she was placed under precautionary measures status ("*medidas cautelares*") on October 26, 2023.

7. Plaintiff was subjected to discriminatory treatment and a hostile work environment based on her age, national origin, and medical history.

8. PRDE placed Plaintiff under "*medida cautelar*" following a restraining order filed by a parent. The restraining order was subsequently vacated on appeal. Despite having been vacated, the PRDE maintained her under *medida cautelar* indefinitely since October 26, 2023.

9. Younger teachers, similarly situated and/or outside of the plaintiff's protective group, were retained, hired, or returned to active teaching status while Plaintiff was sidelined.

10. Plaintiff, a naturalized U.S. citizen born in Spain, was subjected to xenophobic comments by staff and students, including at least one documented incident where a co-worker stated to her, on or around May 17, 2024: "Ah, I hate Spaniards. That accent is horrible."

11. Despite reporting the discriminatory conduct in writing to supervisors, no corrective action was taken.

12. Plaintiff returned to work in August 2023 following major surgery, cancer treatment, and was on medical leave. Prior to her return to work, she requested formal ADA accommodations. PRDE provided her with a classroom located on the second floor of the school close to a bathroom. However, conditions in that classroom were very difficult. First, the classroom lacked adequate ventilation and as a result was extremely hot. Excessive heat in the classroom caused severe dehydration.

13. After commencement of the 2023-24 school year, Defendants began improvements at the school including installation of electronic chalkboards and electrical wiring. The school's wireless network equipment and electrical fuse box was located in the second-floor classroom Plaintiff was assigned. In order to carry out the improvements, workers needed to enter Plaintiff's classroom. Work was conducted during school hours, thus interrupting and distracting the teaching and learning environment.

14. Therefore, Plaintiff verbally requested that she be allowed to move her classroom to an unused one located on the first floor. This classroom was accessible, close to a bathroom, much cooler and not subject to the frequent interruptions caused when workers needed to

15. access the school's wireless internet cabinet, the electrical fuse box and thus met all her needs.

15. Plaintiff's request to be assigned to the first floor classroom was denied.

16. PRDE nonetheless used her medical history against her by targeting her for adverse actions while similarly situated individuals outside of her protected group were favored.

17. Plaintiff engaged in protected activity by reporting discrimination and pursuing union-backed legal relief. In retaliation, PRDE filed additional baseless charges and suspended Plaintiff on February 10, 2025, using a pretextual excuse to conceal discriminatory animus.

## CAUSES OF ACTION
### COUNT I: Violation of the Age Discrimination in Employment Act (29 U.S.C.A. §621 et. seq.)

18. The foregoing paragraphs are realleged and incorporated by reference herein.

19. Defendants discriminated against Plaintiff based on her age by subjecting her to disparate treatment, adverse employment actions, and removal from her position while favoring younger employees. This conduct violated the ADEA, 29 U.S.C. §621 et seq.

20. Plaintiff was over the age of forty and belonged to a protected age group at all relevant times.

21. Defendant's employees who were younger, outside plaintiff's protected age group, were allowed to continue work and/or substitute the plaintiff in the workplace. Defendant's Supervisors were more lenient towards similarly situated under PAG employees.

22. Defendant discriminated against the plaintiff because of her *age*.

23. Defendants are jointly and severally liable.

**COUNT II: Violation of Title VII (National Origin Discrimination)**

24. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

25. Defendants discriminated against Plaintiff based on her national origin (Spain) and subjecting her to adverse employment actions in violation of Title VII, 42 U.S.C. §2000e et seq.

26. Plaintiff will prove a prima facie claim of retaliation under 42 U.S.C.S. §2000e-3(a) and demonstrate by the preponderance of evidence that: (1) she engaged in protected activity as an employee, (2) that she was subsequently subjected to adverse employment action, and (3) there was a causal connection between the protected activity and her involuntary works suspension. The Plaintiff in the instant case openly opposed her employer's unlawful workplace practices.

27. In the present case, the employer engaged in selective prosecution of the plaintiff. Defendant's subsequent "legitimate non-retaliatory" reason for subjecting plaintiff to unlawful adverse employment action, is a *pretext* for unlawful retaliation. See *EEOC v. Louisiana Office of Community Servs.*, 43 F.3d. 1438, 1443 (5th. Cir. 1995) and *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1087 (5th. Cir. 1994).

28. Defendants are jointly and severally liable.

**COUNT III: Violation of the Americans with Disabilities Act (ADA)**

29. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

30. Defendants discriminated against Plaintiff based on her history of Stage 3-B colon cancer by failing to properly accommodate her needs and using her medical history as a factor in adverse actions, in violation of the ADA, 42 U.S.C. §12101 et seq. Her request to move to

an unused classroom on the first floor of the school following her return to work in August 2023 was denied.

### COUNT IV: Retaliation under ADEA, Title VII, and ADA

31. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

32. Plaintiff engaged in protected activity by reporting discrimination and requesting relief. Defendants retaliated against her by maintaining her in a workplace suspension status, fabricating charges against her, and suspending her, in violation of ADEA, Title VII, and ADA.

### COUNT V: Violations of Puerto Rico Law No. 100 and Law No. 115

33. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

34. Defendants' discriminatory and retaliatory conduct also violated Puerto Rico's Law No. 100 (discrimination) and Law No. 115 (retaliation), entitling Plaintiff to remedies under Puerto Rico law.

### COUNT VI: Emotional Distress and Mental Anguish

35. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

36. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered emotional distress, mental anguish, pain, and suffering, for which she seeks compensatory damages as a result of the Defendants' violation of its obligations with and for the Plaintiff.

37. Under 29 L.P.R.A. §194b(b) plaintiff is entitled to file this civil action to recover compensation as a result of his mental anguish and emotional distress, inflicted by Defendants.

38. An award of Punitive Damages is warranted given the nature and extent of the harm caused by Defendants to Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Declare that Defendants violated Plaintiff's rights under federal and Puerto Rico law;

C. Award Plaintiff an amount no less than $500,000 for reinstatement to her prior position or front pay; back pay, lost benefits, interest; compensatory and punitive damages; costs, expenses, and reasonable attorneys' fees;

D. Expungement of her employment records; and

E. Grant any further relief the Court deems just and proper.

### JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

In San Juan, Puerto Rico, this 9th day of June, 2025.

**RESPECTFULLY SUBMITTED,**

/S/ **Carlos E. Matos**
Carlos E. Matos
USDC PR 309902
PO Box 11249
San Juan PR 00922-1249
Tel: (787) 378-1002
Email: cemm787@gmail.com

/S/ Humberto Cobo-Estrella\*
Humberto Cobo-Estrella, Esq.
**USDC-PR 230108**
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 529-7140
Email: *hcobo@hcounsel.com*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties of which counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*S/* Carlos E. Matos
*Attorney for Plaintiff*

(\*) Notice of appearance pending.